IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN LAVON FRIEND,           )
                                 )
            Petitioner,           )
                                 )
       v.                         )       1:15CV175
                                 )
WILLIAM T. SCHATZMAN,             )
                                 )
            Respondent.           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner affirmatively indicates that he did not exhaust state court remedies as required by 28 U.S.C. § 2254(b) before filing his Petition. This Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422).

2. Petitioner does not appear to state any viable claim for relief. He relies partially on the fact that he claims to be an "indigenous aboriginal." However, even if true, his claimed ethnicity or nationality does not absolve him of criminal liability. Also, he faults the indictment in his state criminal case for

not containing any reference to the enactment clause of the North Carolina Constitution. This does not state any federal claim for relief. Finally, he challenges his arrest and prosecution by alleging that the Winston Salem Police Department, which arrested him, works for a private corporation. This is simply incorrect. Plaintiff adds that the arresting officer or officers did not have a valid warrant or competent evidence, but makes this allegation in only a conclusory fashion. To the extent that such claim relies on Petitioner's arguments regarding his status as an "indigenous aboriginal" or the absence of a reference to the enactment clause, it has no more merit than those claims.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 3rd day of March, 2015.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**